IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:02-1360-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Pernell Shannon, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for consideration of whether the Defendant is entitled to a reduction in his sentence pursuant to Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), effective November 1, 2007, and deemed retroactive March 3, 2008. U.S.S.G. App. C. Amend. 706 (Nov. 1, 2007).

The court has reviewed the record in this case including the Defendant's Presentence Investigation Report. Based on this review, the court has determined that the Defendant is not eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(a) because the original drug weight was 1453.6. kilograms of marijuana equivalent, which called for a base offense level of 32 , pursuant to U.S.S.G. § 2D1.1(c)(4), and after the crack cocaine was reduced the amended drug weight, including marijuana, was reduced to 1153.6 kilograms of marijuana equivalent, which called for a base offense level of 32, pursuant to U.S.S.G. § 2D1.1(c)(4). Although the crack cocaine was reduced pursuant to Amendment 706, the offense level remained the same because of the total weight of all controlled substances involved. Therefore, the application of Amendment 706 does not result in a reduction in the Defendant's sentence. Based on the foregoing, the Defendant's pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 7, 2008

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within ten (10) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.